**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4718**

_____

UNITED STATES OF AMERICA,

                                   Plaintiff - Appellee,

        versus

VANCE HICKS, a/k/a 19, a/k/a Jeffrey Gordon,
a/k/a John Williams,

                                   Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, District Judge.
(2:04-cr-00626-DCN-1)

_____

Submitted:  March 7, 2007          Decided:  April 30, 2007

_____

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

David B. Betts, Columbia, South Carolina, for Appellant.  Alston
Calhoun Badger, Jr., Assistant United States Attorney, Charleston,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vance Hicks appeals his conviction and the 384-month sentence imposed after he pled guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and 25,000 pills or more of ecstasy, in violation of 21 U.S.C. § 846 (2000). Hicks' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising numerous issues challenging Hicks' conviction and sentence but stating that, in his view, there are no meritorious issues for appeal. Hicks has filed a pro se supplemental brief.[*] Finding no reversible error, we affirm.

Counsel first questions whether the district court impermissibly participated in plea negotiations by providing a copy of Hicks' co-defendant's presentence report to Hicks when he objected to the amount of drugs proffered by the Government to establish a factual basis for the plea during the hearing conducted pursuant to Fed. R. Crim. P. 11. Because Hicks moved to withdraw his plea on the ground that the court participated in plea negotiations, our review is for harmless error. See United States v. Bradley, 455 F.3d 453, 461 (4th Cir. 2006) (stating standard of review).

---

[*]We have considered the claims raised in Hicks' pro se supplemental brief and find them to be without merit.

Rule 11(c)(1) of the Federal Rules of Criminal Procedure "governs guilty pleas and clearly prohibits a court from participating in plea negotiations." Id. at 460. Hicks and the Government had reached a plea agreement five days before the hearing at which the district court gave counsel a copy of the co-defendant's presentence report, and Hicks admitted that he already had the information contained in the report. Our review of the record in this case leads us to conclude that the district court's actions did not violate Rule 11. See United States v. Cannady, 283 F.3d 641, 644 (4th Cir. 2002) (holding that district court did not violate Rule 11(c)(1) where court's comments were made after "the parties had reached a definite agreement that had been reduced to writing and executed by [the defendant] and the government, all without any direct involvement by the district judge").

Next, counsel raises as a potential issue the adequacy of the plea colloquy in light of the district court's failure to explain explicitly that Hicks could persist in his plea of not guilty, as required by Fed. R. Crim. P. 11(b)(1)(B). Because Hicks did not move in the district court to withdraw his guilty plea on this ground, any error in the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard of review). We have carefully reviewed the record and conclude that the district court's omission did not

affect Hicks' substantial rights.  See United States v. Goins, 51 F.3d 400, 402-03 (4th Cir. 1995) (discussing factors courts should consider in determining whether substantial rights affected in decision to plead guilty).

Counsel also challenges the district court's denial of Hicks' motion to withdraw the plea.  Withdrawal of a guilty plea is not a matter of right.  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000).  The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea.  Fed. R. Crim. P. 11(d)(2)(B).  "[A] 'fair and just' reason . . . is one that essentially challenges . . . the fairness of the Rule 11 proceeding . . . ."  United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).  Here, the district court applied the factors set forth in Ubakanma, and we find no abuse of discretion in the district court's decision to deny Hicks' motion to withdraw.  See 215 F.3d at 424 (stating standard of review).

Turning to the district court's denial of Hicks' motion to recuse the district court, counsel asserts that the district court should have recused itself because it provided a copy of Hicks' co-defendant's presentence report to the defense during the plea colloquy.  We find, however, that a "reasonable, well-informed observer who assesses all the facts and circumstances" would not find that the district court was biased.  See United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (internal quotation

- 4 -

marks and citation omitted).  Thus, we find no abuse of discretion in the district court's denial of relief.  See United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (stating standard of review).

Finally, counsel questions whether the district court erred by enhancing Hicks' offense level for possession of a weapon under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2004), and by refusing to adjust the offense level for acceptance of responsibility under USSG § 3E1.1.  After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006).  United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).  This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable."  Id. at 433 (internal quotation marks and citation omitted).  "[A] sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Our review of the record convinces us that the district court did not clearly err in applying the weapon enhancement or in refusing to adjust the offense level for acceptance of responsibility. See United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001) (weapon enhancement); United States v. Ruhe, 191 F.3d 376, 388 (4th Cir. 1999) (acceptance of responsibility). The district court therefore properly calculated the advisory sentencing guideline range and sentenced Hicks after considering and examining the guidelines and the § 3553(a) factors, as instructed by Booker. In addition, Hicks' 384-month sentence is well within the maximum sentence of life imprisonment. See 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2006). Finally, neither Hicks nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable. We therefore conclude that the sentence is reasonable.

In accordance with Anders, we have reviewed the record for any meritorious issues and have found none. Therefore, we affirm Hicks' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion

must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED